[No. 4051.]

JONES, CONSERVATOR, v. LEARNED.

APPEALS AND WRITS OF ERROR—JURISDICTION.

Section 23, article 6 of the constitution providing that writs of error shall lie from the supreme court to every final judgment of the county court, has no application to actions originating in the county court and appealed to and tried *de novo* in the district court.

*Appeal from the District Court of Arapahoe County.*

*On Motion to Dismiss Appeal.*

Mr. H. P. BENNETT, for appellant.

Mr. R. H. GILMORE, for appellee.

PER CURIAM.   The proceeding between the parties to this action was originally commenced in the county court of Arapahoe county.   The defeated party appealed to the district court of the same county.   From the judgment rendered by that court the party defeated appeals to this.

Appellee moves to dismiss, upon the ground that this court is without jurisdiction.   No question is involved, nor is the amount of the judgment such that jurisdiction on appeal attaches, under the statute regulating appeals to this court. Counsel for appellant concedes this, but insists that the questions presented should be reviewed on error, and that although the appeal may be dismissed for want of jurisdiction, leave should be granted to docket the case here as on writ of error. This position is assumed upon the theory that under the constitution writs of error lie from the supreme court to every final judgment of the county court.   The cause was tried *de novo* in the district court.   The fact that the proceeding originated in the county court cannot invest this court with jurisdiction on error, for the obvious reason that the judgment of that tribunal has been superseded by the one rendered by the district court.   That is the one of which appellant complains, and whatever procedure might be adopted for its review, would be directed to, or affect that judgment, and not the one rendered by the county court.

Appeal dismissed, and application to file as on writ of error denied.